UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONYA PITTMAN, | ) | CASE NO. 5:23-cv-1812 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| B-LOVETTE, LLC, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the parties' "Joint Motion to Approve FLSA Settlement." (Doc. No. 10 (Joint Motion).) The motion is supported by the declaration of Attorney Chris P. Wido (Doc. No. 10-2 (Wido Declaration)), and a copy of the parties' settlement is appended to the motion. (Doc. No. 10-1 (Settlement Agreement).) Because the Court finds that the settlement represents a fair resolution of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and state law, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

I. **BACKGROUND**

On September 18, 2023, plaintiff Sonya Pittman ("plaintiff" or "Pittman") brought suit against defendants B-Lovette, LLC ("B-Lovette") and Arkeyia Walker ("Walker") (collectively "defendants"), alleging that defendants violated the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03, by failing to pay her all overtime compensation for which she was entitled. (*See generally* Doc. No. 1.) Defendants denied liability or wrongdoing of any kind. (*See* Doc. 10-1 ¶ 10.).

The parties engaged in good faith negotiations over a period of several months, resulting in the aforementioned settlement. (Doc. No. 10-2 ¶ 7; *see* Doc. No. 6 (Motion for Extension), at 1[1]; Doc. No. 9 (Second Motion for Extension), at 1.) During this time, Pittman's counsel reviewed approximately two years of pay records and developed models to calculate the amount of overtime Pittman was allegedly owed. (Doc. No. 10-2 ¶ 6.) The parties were ultimately able to reach settlement without Court assistance.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Pittman, who was employed by B-Lovette as a Direct Service Provider, asserts that she was often required to work in excess of 40 hours of week, but was not properly compensated for her time. (Doc. No.

1 ¶¶ 15, 21; *see id*. ¶¶ 20–22.) Defendants do not agree that Pittman was paid improperly or that they violated any wage and hour laws. (Doc. No. 10-1 ¶ 10.) The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

The total settlement amount is $17,285.64, as set forth in the Settlement Agreement. (Doc. No. 10-1 ¶ 1.) From the total settlement amount, $8,646.64 will be paid directly to Pittman ($4,323.32 in compensatory damages and $4,323.32 in liquidated damages). (*Id*. ¶ 1(a)–(b).) Pittman's counsel represents that the award is "fair, adequate, and a reasonable compromise of the disputed claims." (Doc. No. 10-2 ¶ 9.) The Court agrees with counsel's assessment, given that the settlement provides Pittman with the full amount of overtime she sought to recover, plus an equal amount in liquidated damages. (*See id*. ¶ 8.)

The Settlement Agreement further provides for an award of attorney's fees to Pittman's counsel in the amount of $8,237.00, and costs in the amount of $402.00, for a total award to

Pittman's counsel in the amount of $8,639.00. (*Id.* ¶ 1(c); *see* Doc. No. 10-2 ¶ 11.) The Court finds that the award of attorney's fees, which is consistent with Pitman's fee agreement with her counsel, is reasonable, taking into consideration the course of the proceedings and the successful outcome providing substantial relief to Pittman. (Doc. No. 10-2 ¶ 11.) The Court also finds that the hourly rate charged ($400.00) is reasonable for experienced attorneys in this district. *See Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 WL 4933269, at *4 (S.D. Ohio Aug. 2, 2023) (approving $400 hourly rate for same attorney in FLSA action); *see also McKnight v. Erico Int'l Corp.*, No. 1:20-cv-1826, 2023 WL 2003276, at *13–14 (N.D. Ohio Feb. 8, 2023) (finding hourly rates of $500, $425, and $400 for counsel in FLSA action reasonable). The value of the fees as a percentage of the total recovery in this case—approximately 50% of the total award—also demonstrates the reasonableness of the attorney's fees award. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and reduction in attorney's fees compared to the lodestar calculation).

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the parties' joint motion and approves the settlement. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed. The Court shall retain jurisdiction to enforce the parties' settlement.

**IT IS SO ORDERED**.

Dated: December 11, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**